UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRIX M. MONTECASTRO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WATERS, et al.,<br><br>　　　　Defendants. | Case No.  1:20-cv-01289-HBK (PC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE<br><br>14-DAY DEADLINE |

Plaintiff Hendrix M. Montecastro, a state prisoner, is proceeding pro se and *in forma pauperis* in this action filed under 42 U.S.C. § 1983. (Doc. No. 1, "Complaint").  For the reasons set forth below, the undersigned recommends that the District Court dismiss this action consistent with the Court's Local Rule for Plaintiff's failure to prosecute this action.  Specifically, Plaintiff failed to keep the Court appraised of a current address.

**BACKGROUND**

On March 23, 2023, the undersigned issued a screening order finding Plaintiff 's Complaint failed to state a cognizable claim.  (Doc. No. 8, "Screening Order").  Plaintiff was ordered, within twenty-one days, to file an amended complaint, stand on his complaint, or file a notice of voluntary dismissal. (*Id*. at 10).  On April 4, 2023, the Screening Order was returned as

undeliverable.  *See* docket.  Plaintiff's change of address was due no later than June 6, 2023.  Local Rule 183(b).  Plaintiff has not filed an updated address as required by Local Rule 182(f) and the time to do so has expired.  *See* docket.

## APPLICABLE LAW AND ANALYSIS

Plaintiff was obligated to keep this Court informed of his proper address.  Specifically:

> [a] party appearing *in propria persona s*hall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Local Rule 183(b); *see also* Local Rule 182(f) (all parties are "under a continuing duty" to notify the clerk of "any change of address[.]").  Plaintiff was notified of his obligation to keep the Court informed of his address in its First Informational Order in Prisoner/Civil Detainee Civil Rights Case and advised that the Court would dismiss an action without prejudice if Plaintiff does not update his address within sixty-three (63) days.  (Doc. No. 3 at 5, VIII.B.).  Precedent supports a dismissal of a case when a litigant does not keep the court appraised on his address.  *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (affirming lower court and finding no abuse of discretion when district court dismissed case without prejudice after pro se plaintiff did not comply with local rule requiring pro se plaintiffs keep court apprised of addresses at all times); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal proper for failure to prosecute and comply with local rules of court); *Hanley v. Opinski*, 2018 WL 3388510 (E.D. Ca. July 10, 2018) (dismissing action for failure to prosecute and to provide court with current address); *Davis v. Kern Valley State Prison*, No. 1:22-CV-1489-JLT-EPG (PC), 2023 WL 2992980, at *1, fn 1 (E.D. Cal. Apr. 18, 2023).   More than sixty-three (63) days has passed since the Court's March 23, 2023 Order was returned as undeliverable, and Plaintiff has not filed a notice of change of address.

Accordingly, it is **ORDERED**:

The Clerk of Court shall randomly assign this case to a district judge for consideration of these Findings and Recommendation.

It is further **RECOMMENDED**:

This case be dismissed without prejudice pursuant to Local Rule 183(b) for Plaintiff's failure to prosecute this action.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   June 9, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE